IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF MISSISSIPPI
Northern Division

**KENNETH M. HARPER**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION: 3:21-cv-60-DPJ-FKB**

**BOARD OF SUPERVISORS OF
WARREN COUNTY, MISSISSIPPI;
EDWARD HERRING, in his official capacity
as a member of the Board of Supervisors;
WILLIAM H. BANKS, JR., in his official capacity
as a member of the Board of Supervisors;
SHAWN JACKSON, in her official capacity
as a member of the Board of Supervisors;
JEFFERY P. HOLLAND, in his official capacity
as a member of the Board of Supervisors;and
KELLE BARFIELD, in her official capacity
as a member of the Board of Supervisors**                                      **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, the duly elected County Prosecuting Attorney of Warren County, Mississippi, moves for a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), enjoining the Defendants, who are the five members of the Board of Supervisors of Warren County, Mississippi from interfering with the exercise of his legal rights as the County Prosecuting Attorney and, likewise, to order that the Board's unlawful decisions to call a special election for the office of County Prosecuting Attorney and to make an interim appointment for the allegedly vacant office be set aside and enjoined and declared a nullity, and that the Plaintiff likewise be restored to his legal position with all accrued back pay and benefits. By virtue of the unconstitutional actions of the Board of Supervisors, the Plaintiff has suffered irreparable injury and does not have an adequate remedy at law.

The facts supporting this motion are contained in the Verified Complaint filed herewith. An abbreviated version of the facts is as follows: On Monday, September 14, 2020, the Plaintiff, in a moment of great frustration, submitted a letter of resignation to the Board of Supervisors. At 8:00 a.m. on Thursday, September 17, 2020, the Plaintiff submitted a letter to Board "withdrawing and rescinding the letter of resignation." Three months later, on December 21, 2020, the Board voted to place the Plaintiff's withdrawn September 14, 2020 resignation letter on their minutes "for information." Remarkably, the Board did not vote to accept the Plaintiff's resignation. The Board then voted to order the County Election Commission to hold a special election for the allegedly vacant position of county prosecutor. The Board further ordered that the allegedly vacant position be advertised to solicit resumes for interim prosecutor.

To obtain a preliminary injunction, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp*. 328 F.3d 192, 195-96 (5th Cir. 2003). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id*. at 196 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985)).

The Due Process Clause of the Fourteenth Amendment protects an individual's interests in life, liberty, and "property." An elected county official who is entitled to hold an office under state law has a property interest in his office which can be taken from him only by procedures

meeting the requirements of due process. *Gordon v. Leatherman*, 450 F.2d 562, 565 (5th Cir. 1972); *Crowe v. Lucas*, 595 F.2d 985,993 (5th Cir. 1979).

The Plaintiff is the Prosecuting Attorney of Warren County, Mississippi, pursuant to Miss. Code § 19-23-1, et seq., having been elected to this office by the voters in the November 6, 2019 General Election. As an elected officeholder under the laws of the State of Mississippi, the Plaintiff has a property interest in his office protected by the due process clause of the Fourteenth Amendment of the Constitution of the United States.

At common law, both an official's tendering of his resignation and its acceptance by the proper authority was required to effectuate the resignation. *Edwards v. United States*, 103 U.S. 471, 473-474, 26 L.Ed. 314 (1880). See also Floyd R. Mechem, *Treatise on the Law of Public Offices and Officers* § 414 (1890) ("At common law, the resignation of a public officer was not complete, so far as the public is concerned, until it was duly accepted by the proper authorities."). Here, the Plaintiff withdrew his resignation before it was accepted by the Board of Supervisors, and the Board even told the Plaintiff that it would be acceptable for him to withdraw the resignation. A resignation that must be acted upon in some way may be withdrawn before acted upon. 67 C.J.S. *Officers* § 216, Withdrawal and repudiation ("A resignation generally may be withdrawn before it is accepted.").

"The common law forms the basis of [Mississippi's] system of jurisprudence, and remains in force until repealed, changed, or modified by statute." *Brassiell v. Brassiell*, 228 Miss. 243, 87 So.2d 699, 701 (Miss. 1956) quoting *Hemingway v. Scales*, 42 Miss. 1. Once the Plaintiff withdrew the resignation of office on September 17, 2021, the Board of Supervisors had no legal right under the common law to determine that the office of county prosecutor was

vacant, order a special election, solicit resumes for an interim county prosecutor, and later, fill the position with an interim appointee. These actions violated the Plaintiff's right to due process of law under the Fourteenth Amendment to the U.S. Constitution. *Crowe v. Lucas*, 595 F.2d at 993.

### Likelihood of Success on the Merits

Because of the legal precedent governing the Plaintiff's claims, the Plaintiff is likely to succeed on the merits of his due process claim based on his protected property interest in his elected office and based on his having timely withdrawn his resignation before it was acted upon by the Board of Supervisors.

### Irreparable Injury

"When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." Wright, Miller, & Kane, 11A *Federal Practice and Procedure* § 2948.1 at 161 (1995); see, e.g., *Henry v. Greenville Airport Commission*, 284 F.2d 631, 633 (4th Cir.1960) (holding in Fourteenth Amendment public facility segregation case, that notwithstanding failure to show irreparable harm, "District Court has no discretion to deny relief by preliminary injunction to a person who clearly establishes by undisputed evidence that he is being denied a constitutional right"). See *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When constitutional rights are threatened or impaired, irreparable injury is presumed."); *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("Courts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights.")."It has long been established that the loss of constitutional

freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C.Cir.2009) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) (finding that checkpoint program which violated Fourth Amendment freedom caused irreparable harm)); cf. *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1056 (5th Cir.1997) (finding deprivation of due process rights, together with injury to reputation and difficulty in procuring comparable employment, sufficient to satisfy irreparable injury).

The Plaintiff has been deprived of his property interest in his continued employment without due process. This constitutional violation constitutes irreparable harm in and of itself. Furthermore, although the Plaintiff can be monetarily compensated for his salary losses, the Plaintiff also has been deprived of his job elected office, entrusted to him by the voters. "[Job title and dignity] are intangibles not aptly measured or compensable by any monetary amount." *Quiles Rodriguez v. Calderon,* 172 F.Supp.2d 334, 344 (D.P.R.2001). Thus, the Plaintiff has shown that he has suffered and is continuing to suffer irreparable injury.

### Threatened Harm to the Board of Supervisors

There will be no harm to the Board of Supervisors if this preliminary injunction is ordered. The Plaintiff is a seasoned litigation attorney and has been serving as county prosecutor for a period of one year and is extremely familiar with the operations and procedures and personnel of the county and justice courts. He was not removed from office because of dereliction in office.

### Granting the Preliminary Injunction will serve the Public Interest

It will serve the public interest to have the Plaintiff restored to his elected office, and for the office filled by the person elected to it in November 2019 and not filled by an interim appointee who would only serve until the date of a special election this year. The interim appointee placed third in the November 2019 election and it is reasonable to conclude that he will once again be beaten at the polls, probably by the Plaintiff. It is a disservice to the public to allow this disruption to a vital office charged with prosecuting crimes in the county.

**No Bond Should be Required**

Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right." *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F.Supp.2d 1326, 1335 (M.D.Fla.2009).

**Consolidation with Trial on the Merits**

The Plaintiff requests the Court to consider advancing the trial on the merits and consolidate it with the preliminary injunction hearing. Fed. R. Civ. P. 65(a)(2).

**Conclusion**

For the reasons set forth herein, the Plaintiff respectfully requests that this Court grant his Motion for Preliminary Injunction.

Respectfully submitted this the 29th day of January, 2021.

                                                  **KENNETH M. HARPER**

                                                  /s/ Samuel L. Begley
                                                  _____
                                                  Samuel L. Begley, Esq.
                                                  ( Miss. Bar No. 2315)

BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
Tel: 601-969-5545
begleylaw@gmail.com
*His attorney*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing, along with the Verified Complaint and Summons, has been/will be delivered to a process server for service on defendants, this 29th day of January, 2021.

/s/Samuel L. Begley, Esq.