# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENNETH M. HARPER**                                                    **PLAINTIFF**

**V.**                                      **CAUSE NO. 3:21-CV-60-CWR-FKB**

**BOARD OF SUPERVISORS OF**                              **DEFENDANTS**
**WARREN COUNTY, MISSISSIPPI, et al.**

## ORDER

Before the Court is the plaintiff's motion for preliminary injunction. Docket No. 3. On review, the motion will be granted.

**I.**     **Factual and Procedural History**

The facts are drawn from the verified complaint and the documentary record.

In November 2019, Kenneth M. Harper was elected by the voters of Warren County, Mississippi, to serve as the County Prosecuting Attorney.

On September 14, 2020, frustrated with ongoing salary negotiations, Harper sent a letter to the Warren County Board of Supervisors resigning his position effective at 5:00 P.M. that day. Three days later, he sent a letter to the Board "withdrawing and rescinding" his resignation letter. Harper claims he was encouraged to withdraw his resignation by a local Judge and the Board President. The Board subsequently removed his resignation from its September 21 meeting agenda.

On October 20, 2020, the Board met in executive session to consider Harper's resignation and withdrawal of resignation. No further action was taken that day. Harper contends that the Board's renewed interest in removing him was due to pressure from the same local Judge. She told the Board that she now believed Harper was serving illegally in light of his resignation letter and that the Board members could be individually liable for any money the County paid Harper.

At some point, the Board stopped paying Harper for his work.

On December 21, 2020, the Board met again to consider Harper's situation. The meeting minutes state that the Board accepted his resignation letter "for information," while a Board Order issued later that day stated that the resignation was "received and spread across the minutes." The Board ordered that a special election for the seat be held in 2021 and subsequently appointed an Interim County Prosecuting Attorney.

This suit followed. Harper argues that as an elected official, he held and continues to hold a property interest in his position, and was not lawfully removed by the Board. The Board's December 2020 "acceptance" of his resignation was invalid, Harper says, because at common law officers were permitted to withdraw letters of resignation that had not yet been accepted by the governing authority. Harper claims that he adhered to the common law by withdrawing his letter of resignation prior to the Board taking any action.

Now before the Court is Harper's motion for preliminary injunction, the Board's response, and supplemental letter briefs from each party.

## II.  Legal Standard

To receive a preliminary injunction, the movant must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012) (citation omitted). "Each of these factors presents a mixed question of fact and law." *Id.* (citation omitted).

"A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four . . . prerequisites." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## III.    Discussion

Harper has presented a strong case for injunctive relief. The Board acknowledges that Harper has a property interest in his office. *See* Docket No. 13 at 7. "An elected . . . official who is entitled to hold an office under state law has a property interest in his office which can be taken from him only by procedures meeting the requirements of due process." *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979).

It also is undisputed that at common law, "a resignation must be accepted before it can be regarded as complete." *Edwards v. United States*, 103 U.S. 471, 475 (1880).

> This acceptance may be manifested either by a formal declaration, or by the appointment of a successor. 'To complete a resignation,' says Mr. Willcock, 'it is necessary that the corporation manifest their acceptance of the offer to resign, which may be done by an entry in the public books, or electing another person to fill the place, treating it as vacant.' Willcock, Corporations, 239.

*Id.* at 474.

Here, the parties quibble about whether or not the Board formally accepted Harper's resignation in December 2020. But that is not the relevant question. The legal standard instead asks us to compare the date of the resignation's withdrawal with the date of its acceptance. And here, no matter whether the December actions constituted "acceptance," it is plain that Harper withdrew his resignation three months beforehand. Under the ordinary operation of law, therefore, he should have remained in office. *See id.* ("[W]e must assume that the common-law rule prevails unless the contrary be shown.").

The Board nevertheless presents three arguments against relief.

First, the Board claims that Harper's letter of resignation was self-executing, as it said that his resignation would be effective at 5:00 P.M. that day. The Board, however, has not provided any Mississippi authority stating that the effective date of a resignation necessarily controls or precludes its subsequent withdrawal. That is explicitly not the standard provided at common law. *See id*.

Second, the Board argues that Harper's suit is too late, citing the 10-day appeal time provided in Mississippi Code § 11-51-75. While a state-court bill of exceptions action is indeed due within 10 days, per § 11-51-75, a federal-court action claiming a federal constitutional violation is instead bound by the usual § 1983 statute of limitations. *Griggs v. Chickasaw Cty., Miss.*, 930 F.3d 696, 703 (5th Cir. 2019). It is undisputed that Harper's federal claim was timely filed under the § 1983 statute of limitations.

Finally, the Board argues that this action is moot because another attorney has been appointed as Interim County Prosecuting Attorney. The Court respectfully disagrees. Harper's request for an injunction is not moot, as he remains separated from the public office to which he was elected.

The final three elements of the preliminary injunction standard are met. "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Opulent Life*, 697 F.3d at 295 (quotation marks and citation omitted). There is no harm to the Board from being required to restore Harper to his elective office; "vague assertions" of harm are not enough. *Denton v. City of El Paso, Texas*, No. 20-50702, 2021 WL 2815396, at *4 (5th Cir. July 6, 2021). And following the Constitution always serves the public interest. *See McDonald v. Longley*, --- F.4th ---, 2021 WL 2767443, at *16 (5th Cir. July 2, 2021).

**IV.     Conclusion**

The motion is granted. Pursuant to Federal Rule of Civil Procedure 65(a), the Warren County Board of Supervisors shall restore plaintiff Kenneth M. Harper to the position of County Prosecuting Attorney within 10 days.

Within seven days, the parties shall contact the chambers of the Magistrate Judge to schedule a Telephonic Case Management Conference.

**SO ORDERED**, this the 16th day of July, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE